**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
CHARLOTTESVILLE DIVISION

CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

August 26, 2024
LAURA A. AUSTIN, CLERK
BY   s/ S. MELVIN
      DEPUTY CLERK

UNITED STATES OF AMERICA

v.

ANTWAN LAMAR JACKSON,

*Defendant.*

CASE NO. 3:10-cr-00033

MEMORANDUM OPINION

JUDGE NORMAN K. MOON

    This matter is before the Court on Defendant's motion for a reduction in sentence pursuant to § 404(b) of the First Step Act. Dkt. 213. Defendant is eligible to seek relief under First Step Act, as one of his nine offenses of conviction qualifies as a "covered offense" under the Act. However, because the Court finds that Defendant has not demonstrated that any reduction or modification of his sentence is warranted in this case, the Court will therefore deny the motion.

<u>Background</u>

    In 2010, Defendant and a co-defendant were charged in a multi-count indictment, containing: (count 1) conspiring to possess with intent to distribute, and to distribute, 5 kilograms or more of cocaine and 50 grams or more of cocaine base; (count 2) distribution of cocaine base; (count 3) possession of a firearm after having been convicted of a felony; (count 5) possessing a firearm in furtherance of a drug trafficking crime and causing the death of a person, Johnell Greene, through the use of a firearm, whose killing was a murder; (count 6) murder of Greene with intent to prevent communication by Greene to a law-enforcement officer of information

1

relating to the commission of federal offenses, as set forth in counts one through four; (count 7) distribution and possession with intent to distribute cocaine; (count 8) knowingly using and carrying a firearm in furtherance of a drug trafficking crime; and (counts 9, 10) intimidating and corruptly persuading Marquita Hamilton and Tyrone Scott, to provide a false alibi to law enforcement, with intent to influence their testimony in an official proceeding. *See* Dkt. 1 (Indictment); Dkt. 86 at 1–2 (Judgment). Defendant pleaded not guilty and proceeded to trial on all counts, and the jury found Defendant guilty on all counts. *See* Dkt. 63 (Jury Verdict); Dkt. 86 at 1–2. At sentencing, the Court imposed a total term of life imprisonment, plus 120 months to run consecutively. Dkt. 86 at 3.

Defendant filed a notice of appeal to the Fourth Circuit. Dkt. 90, 92. The Fourth Circuit affirmed Defendant's convictions and the Court's judgment. *See United States v. Jackson*, 706 F.3d 264, 265 (4th Cir. 2013). Defendant also filed a motion under 28 U.S.C. § 2255, which this Court denied and dismissed, Dkts. 152, 153, and the Fourth Circuit subsequently affirmed this Court's decision, Dkts. 160, 161.

Applicable Law

In 2010, Congress enacted the Fair Sentencing Act to reduce the sentencing disparity between sentences involving powder cocaine and those involving cocaine base or crack. *See* Fair Sentencing Act of 2010, Pub. L. 111-220, §§ 2–3, 124 Stat. 2372 (Aug. 3, 2010). In 2018, Congress passed the First Step Act, which gave these provisions retroactive effect. *See* First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194.

In ruling on a First Step Act motion, a district court "must first determine whether the sentence qualifies for reduction—i.e., whether it is eligible for consideration on the merits." *United States v. Lancaster*, 997 F.3d 171, 174 (4th Cir. 2021) (internal quotation marks omitted).

2

If the movant is eligible for a sentence reduction, the district court "then [has] discretion to impose a reduced sentence as if the Fair Sentencing Act were in effect at the time the covered offense was committed." *Id.* at 175. Courts "must consider all nonfrivolous arguments for sentence reductions under the First Step Act based on changes in law or fact. But they are not required to reduce any sentence." *United States v. Reed*, 58 F.4th 816, 821 (4th Cir. 2023). In other words, since Section 404(c) of the First Step Act states that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this action," 132 Stat. 5222, "a district court is not required to modify a sentence for any reason," *Concepcion v. United States*, 597 U.S. 481 496 (2022).

<u>Reasoning</u>

1. *Eligibility*

These motions seek a reduction in sentence for Count 1: Defendant's conviction for conspiracy to distribute 5 kilograms or more of cocaine and at least 50 grams of cocaine base. Dkt. 86 at 1 (Judgment). There is no dispute that Defendant is *eligible* for a sentence reduction with respect to Count 1: Dkt. 220 at 1; Dkt. 213 at 5. Nor is there any dispute concerning his convictions under Counts 2, 3, 5, 6, 7, 8, 9 and 10.[1]

The parties disagree, however, regarding whether Defendant remains subject to the same statutory penalties in Count 1. Defendant, for his part, argues that the Fair Sentencing Act increased the amount of cocaine base required to activate a five-year mandatory minimum from

---

[1] Defendant only seeks a reduction in sentence concerning Count 1. *See, e.g.*, Dkt. 213 at ECF 1, 2, 5, 10; Dkt. 213 at 1. As a result, the Court need not address Count 2, despite the Government's position with respect to Count 2. *See* Dkt. 220 at 1 (preserving objection, but stating "the United States does not contest under current Fourth Circuit law that the defendant is eligible for consideration of a reduction in sentence on Counts 1 and 2 under the terms of the First Step Act").

3

5 grams to 28 grams, and increased the amount to activate a ten-year mandatory minimum from 50 grams to 280 grams. Dkt. 213 at 7. Defendant asserts that, since he "was convicted of conspiring to possess 50 grams or more of cocaine base, … he is now subject to the penalties in Section 841(b)(1)(B)," Dkt. 213 at 7—i.e., a term of imprisonment "which may not be less than 5 years and not more than 40 years …." 21 U.S.C. § 841(b)(1)(B)(iii). The Government counters that because "the penalties on Count One were independently supported by the quantity of powder cocaine for which he was convicted, [Defendant] remains subject to the same statutory penalties on Count One, including a mandatory minimum of 10 years, a maximum of life, and supervised release of 5 years." Dkt. 220 at 1.

The Government is correct. To be sure, Count 1 is an eligible offense. On that point, the parties are in accord. However, Defendant's conviction on Count 1 was for a "multi-object conspiracy," namely, conspiring to possess with intent to distribute and to distribute *both*: (1) 5 kilograms or more of cocaine, *and* (2) 50 grams or more of cocaine base. Dkt. 63 at 1 (Verdict Form); Dkt. 1 at 1–2 (Indictment); Dkt. 86 at 1 (Judgment). The penalties of one object of that conspiracy (cocaine base) were modified by the Fair Sentencing Act, while the penalties of the other object (powder cocaine), were not. *See United States v. Gravatt*, 953 F.3d 258, 259, 263 (4th Cir. 2020) (explaining that "the Fair Sentencing Act did not amend the penalties in 21 U.S.C. § 841(b)(1)(A)(ii) regarding powder cocaine"). Of course, the Fourth Circuit in *Gravatt* held that a defendant convicted of just such a multi-object conspiracy has committed an "eligible offense" within the meaning of the First Step Act. *Id.* at 264. Yet the Fourth Circuit clarified that "statutory mandatory minimum terms remain in effect for certain drug offenses," and that even if "a defendant's sentence involves a covered offense," the First Step Act will not allow a court to "avoid those statutory requirements." *Id.* n.5. And so the statutory penalties for a conviction for

4

conspiring to possess with intent to distribute and to distribute 5 kilograms or more of cocaine were, and remain, a minimum term of 10 years' incarceration, and a maximum of life. 21 U.S.C. § 841(b)(1)(A)(ii).

Defendant argues that he was sentenced pursuant to the amount of cocaine base that was listed in the PSR and that now "50 grams of cocaine base is the appropriate drug quantity to be considered." Dkt. 213 at 7–8. In other words, Defendant apparently suggests that sentencing him on the basis of any other drug or drug amount would run afoul of *Alleyne v. United States*, 570 U.S. 99 (2013). Dkt. 213 at 7–8. Not so. The Supreme Court in *Alleyne* held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." 570 U.S. at 103. Yet in this case, as previously described, the jury expressly found that Defendant had conspired to distribute or possess with intent to distribute *both* 5 kilograms or more of cocaine, and 50 grams or more of cocaine base. Dkt. 63 at 1–2 (Jury Verdict). Thus, there is no *Alleyne* problem on account of the fact that Defendant's statutory mandatory minimum and maximum for Count One would continue to be based upon his conspiring to distribute 5 kilograms or more of powder cocaine, in violation of § 841(b)(1)(A)(ii).

Finally, there is no dispute that Defendant's guideline range remains life imprisonment. *See* Dkt. 220 at 21; Dkt. 216 (PSR addendum, finding that following application of the First Step Act, the new guideline range is "life, plus 120 months consecutive"); Dkt. 231 (defense counsel, stating that they had "no objections" to the PSR addendum).

2. *Section 3553(a) Factors*

Defendant, while eligible to seek relief under the First Step Act on account of his conviction for a "covered offense" in Count 1, has not demonstrated that any reduction of his sentence of imprisonment is warranted. Weighing the applicable § 3553(a) factors, the Court

finds that the sentence imposed in this Court's judgment (life plus 120 months' consecutive) was, and remains, the sentence that fulfills, but is not greater than necessary, to satisfy the § 3553(a) factors, and that no lesser sentence would satisfy those factors.

To start, Defendant argues that a sentence reduction is warranted, because even though "the nature of the offense has not changed," in Defendant's view "its seriousness as reflected in the statutory and guideline penalty structure has [changed]." Dkt. 213 at 8–9. But that argument is true only to a very limited degree. As stated above, while conspiracy to possess with intent to distribute and to distribute more than 50 grams of cocaine base, without more, would be subject to a reduced statutory mandatory minimum and maximum, Defendant was convicted of a multi-object conspiracy. The second object of the conspiracy that the jury found was conspiracy to possess with intent to distribute and to distribute over 5 kilograms of powder cocaine. And the statutory mandatory minimum and maximum for that same count—Count 1—therefore remain unchanged. Similarly, there is no dispute that Defendant's guideline range remains life plus 120 months. At bottom, to be sure, one of Defendant's nine convictions is a "covered offense." But the decreased penalties generally associated with that offense pursuant to the Fair Sentencing Act are immaterial with respect to the statutory and guideline sentencing provisions in this case. The Court will therefore take into account Defendant's argument, but finds it of limited import for purposes of the ultimate issue—whether Defendant has demonstrated that a reduced sentence is warranted, and would satisfy the relevant § 3553(a) factors.

Next, Defendant contends that the Court should consider his "post-sentencing conduct," in support of a reduction in sentence. *Id.* Specifically, Defendant writes that, "[e]ven though [he] received life sentences, he has striven to improve himself" by "spen[ding] his time in prison working a variety of jobs," obtaining a GED, and taking "an assortment of classes," on subjects

6

like "values and responsibilities, parenting, business, accounting, real estate, and more." *Id.* at 9.

The Court has considered and taken into account Defendant's arguments concerning his post-sentencing conduct, and his efforts towards rehabilitation while incarcerated. Yet even accepting Defendant's short and rosy description of his conduct while he has been incarcerated, these steps fall far short of substantiating any reduction in sentence within the full context of the applicable § 3553(a) factors.

The Court finds that the § 3553(a) factors that the sentence imposed reflect the "seriousness of the offense" and "provide just punishment for the offense," "afford adequate deterrence to criminal conduct," and "protect the public from further crimes of the defendant," are of paramount significance in this case. *See* 18 U.S.C. § 3553(a)(2)(A)–(C). Specifically, the jury found Defendant guilty of Count 5: possessing a firearm in furtherance of a drug trafficking crime and causing the death of a person, Johnell Greene, through use of the firearm, whose killing was a murder. Dkt. 86 at 2 (Judgment); Dkt. 63 at 3 (Jury Verdict). Furthermore, the jury found Defendant guilty of Count 6: murder, with the intent of preventing Greene from communicating to law enforcement regarding a federal crime. Dkt. 86 at 2; Dkt. 63 at 3. And, the jury convicted Defendant of Counts 9 and 10: tampering with witnesses, i.e., Marquita Hamilton and Tyrone Scott, to give false testimony to law enforcement that Defendant was with them on the night of August 11, 2006. Dkt. 86 at 2; Dkt. 63 at 5. At trial, Tyrone testified that Defendant told him that he needed an alibi for that night because he had killed a man in Orange, Virginia then. *See* Dkt. 152 at 3–4 & n.6. Two eyewitnesses at trial testified that Defendant had killed Greene. *Id.* at 4. The evidence also reflected Defendant's callousness to the murder. *See, e.g.*, *Jackson*, 706 F.3d at 269 (finding "ample" factual support that preventing Greene from testifying was a "precipitating" and "substantial" reason Defendant had murdered Greene, as Defendant

had told others Greene "was an informant trying to bring down [Defendant] and his brothers," and that "Greene 'deserved' to be killed").

These are among the most serious offenses that can come before the Court. Defendant was convicted of murder to stop a perceived threat to his drug conspiracy, and to keep Greene from communicating with law enforcement. And Defendant tried to enlist others to testify falsely to law enforcement to prevent his role in the murder from becoming known. Defendant's conduct underlying his counts of conviction go far beyond mere distribution of drugs, though they include that. *See* Dkt. 63 (Counts 1, 2, 7). It is different in kind, as well as degree. And Defendant was no mere pawn—he was the "self-styled 'King of Orange' and leader of the drug ring" in Orange, Virginia. *See Jackson*, 706 F.3d at 265. Indeed, Defendant received a 4-point enhancement in his PSR for being the organizer or leader of criminal activity involving five or more participants or that was otherwise extensive. Dkt. 214 at 9.

Under these facts, the Section 3553(a) factors that the need for the sentence imposed to reflect the seriousness of the offense, provide just punishment, and afford adequate deterrence and to protect the public from further crimes of the Defendant, are greatly implicated. And the Court finds that, even taking Defendant's description of his post-incarceration conduct, these factors cannot be offset in any way by *some* evidence of rehabilitation. *See* Dkt. 213 at 8–9. The Court has weighed the parties' arguments and all applicable § 3553(a) factors, but finds the aforementioned ones most important, and further finds that no reduction in Defendant's sentence would fulfill the § 3553(a) factors.

<u>Conclusion</u>

For these reasons, the Court will deny Defendant's motion for a sentence reduction pursuant to § 404(b) of the First Step Act. Dkt. 213. Defendant's motions requesting a ruling on

the First Step Act motion will be denied, as moot, as the Court has now ruled on the First Step

Act motion. Dkts. 234, 237.

 The Clerk of Court directed to send this Memorandum Opinion to the parties.

 Entered this 26th day of August, 2024.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE