CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

August 26, 2024
LAURA A. AUSTIN, CLERK
BY   s/ S. MELVIN
      DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 3:10-cr-00033 |
| v. | MEMORANDUM OPINION |
| ANTWAN LAMAR JACKSON, | |
| *Defendant.* | JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant Antwan Lamar Jackson's *pro se* "Motion to Reopen 2255 Proceedings Pursuant to Rule 60(b)(4)," Dkt. 203, as well as two *pro se* motions in which he sought to supplement that prior motion by purportedly expanding the factual "record" underlying the arguments he had raised therein, Dkt. 205, 238. For the following reasons, the Court will summarily deny Defendant's motions as unauthorized successive § 2255 motions.

In 2010, Defendant and a co-defendant were charged in a multi-count indictment, containing: (count 1) conspiring to possess with intent to distribute, and to distribute, 5 kilograms or more of cocaine and 50 grams or more of cocaine base; (count 2) distribution of cocaine base; (count 3) possession of a firearm after having been convicted of a felony; (count 5) possessing a firearm in furtherance of a drug trafficking crime and causing the death of a person, Johnell Greene, through the use of a firearm, whose killing was a murder; (count 6) murder of Greene with intent to prevent communication by Greene to a law-enforcement officer of information relating to the commission of federal offenses, as set forth in counts one through four; (count 7) distribution and possession with intent to distribute cocaine; (count 8) knowingly using and

carrying a firearm in furtherance of a drug trafficking crime; and (counts 9, 10) intimidating and corruptly persuading Marquita Hamilton and Tyrone Scott, to provide a false alibi to law enforcement, with intent to influence their testimony in an official proceeding. *See* Dkt. 1 (Indictment); Dkt. 86 at 1–2 (Judgment). Defendant pleaded not guilty and proceeded to trial on all counts, and the jury found Defendant guilty on all counts. *See* Dkt. 63 (Jury Verdict); Dkt. 86 at 1–2. At sentencing, the Court imposed a total term of life imprisonment, plus 120 months to run consecutively. Dkt. 86 at 3.

Defendant filed a notice of appeal to the Fourth Circuit. Dkt. 90, 92. The Fourth Circuit affirmed Defendant's convictions and the Court's judgment. *See United States v. Jackson*, 706 F.3d 264, 265 (4th Cir. 2013).

In 2015, Defendant filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." Dkt. 132. In his § 2255 motion, Defendant contended that his trial counsel and his appellate counsel were constitutionally ineffective, and he also asserted claims of actual innocence. *Id.* This Court subsequently granted the Government's motion to dismiss and dismissed Defendant's § 2255 motion. *See* Dkt. 152 (Memorandum Opinion); Dkt. 153 (Final Order). Defendant filed a notice of appeal from this Court's ruling dismissing his § 2255 motion. Dkt. 155. The Fourth Circuit affirmed this Court's decision. *See* Dkt. 160 (Mem. Op.); Dkt. 161 (Judgment).

In 2016, Defendant filed another Motion to Vacate, Set Aside, and/or Correct Sentence Pursuant to 28 U.S.C. § 2255. Dkt. 166. The Fourth Circuit issued an order noting that Defendant had filed a motion for leave to file a second or successive § 2255 motion, and the Fourth Circuit then denied such authorization for Defendant. Dkt. 176. This Court thereupon issued a Memorandum Opinion and Order dismissing Defendant's § 2255 motion as an unauthorized,

successive motion. Dkt. 178 (Mem. Op.); Dkt. 179 (Order).

Years later, Defendant, proceeding *pro se*, has filed yet-another § 2255 motion, this time

styled as a "Motion to Reopen 2255 Proceedings Pursuant to Rule 60(b)(4)." Dkt. 203. He has

also filed two motions that purport to seek "to amend and expand the record," or "expand the

factual allegations of his claim" raised in the Motion to Reopen. *See* Dkt. 205 at 1; Dkt 238 at 1.

A federal court may consider a defendant's second or successive § 2255 motion only

upon specific certification from the United States Court of Appeals for the Fourth Circuit that the

claims in the motion meet certain criteria. 28 U.S.C. § 2255(h). "In the absence of pre-filing

authorization … the district court lacks jurisdiction to hear a successive § 2255 motion." *United*

*States v. Joy*, 585 F. App'x 33, 34 (4th Cir. 2014) (unpublished) (citing 28 U.S.C. § 2244(b)(3)).

Defendant has offered no indication that he has obtained certification from the Fourth Circuit

Court of Appeals to pursue his current motions as an authorized second or successive § 2255

motion. *See* Dkts. 203, 205, 238, 242.

Defendant argues, however, that this Court can consider his motion because it was filed

under Rule 60(b)(4) of the Federal Rules of Civil Procedure, and that it "should not be construed

as a second or successive 2255 motion." Dkt. 203 at 1. Defendant contends that his motion

should not be treated as a successive § 2255 motion "because it only challenges the District

Court's failure to rule on a claim properly raised in his habeas petition." *Id.* at 7.[1] Specifically,

Defendant argues that in his first § 2255 motion, among numerous other things, he "challeng[ed]

---

[1] The Court notes that, while Defendant claims that the Court "fail[ed] to rule" on the
issue whether his trial counsel was ineffective for not challenging alleged "false testimony" or
"perjured testimony" of Government witnesses, the Court did exactly that. *See, e.g.*, Dkt. 152 at
6–8 & n. 8–13. That Defendant takes issue with some phrasing, including the Court's use of the
word "impeach" to describe his trial counsel's challenge to Government witness testimony, that
does not change that the Court addressed the issues in substance.

[his] counsel's failure to present false testimony from the government's witnesses to the District Court." *Id.* In Defendant's view, his counsel was ineffective by "fail[ing] to present evidence of perjured testimony to impeach [the government's] witnesses through cross-examination." *Id.* at 2. Defendant also claims that the government's counsel was responsible for "prosecutorial misconduct" by presenting allegedly "perjur[ious] testimony." *Id.*

"[A] Rule 60(b) motion in a habeas proceeding that attacks 'the substance of the federal court's resolution of a claim on the merits' is not a true Rule 60(b) motion, but rather a successive habeas petition," and so is subject to the 2244(b)(3)(A) preauthorization requirement for successive applications. *United States v. McRae*, 793 F.3d 392, 397 (4th Cir. 2015) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005)). However, if the Rule 60(b) motion challenges a "defect in the integrity of the federal habeas proceeding[ ]," it is not subject to preauthorization. *Id.*

Rule 60(b)(4), upon which Defendant relies, allows a district court to vacate an otherwise final order only if "the judgment is void." Fed. R. Civ. P. 60(b)(4). An order is void for purposes of Rule 60(b)(4) only if the court rendering the decision clearly lacked subject matter jurisdiction or acted in a manner inconsistent with the due process of law. *Wendt v. Leonard*, 431 F.3d 410, 412–13 (4th Cir. 2005) (explaining that the jurisdictional error must be "egregious" to be void, and the Fourth Circuit "narrowly construe[s]" the concept of a "void" order).

In Defendant's motion, he plainly challenges this Court's prior "resolution of a claim on the merits," meaning it is "not a true Rule 60(b) motion, but rather a successive habeas petition." *See McRae*, 793 F.3d at 397. In his motion, Defendant reasserts previously raised grounds for relief and raises related new grounds from the Court's original judgment, and therefore does not

raise any claim challenging "some defect in the integrity of the federal habeas proceedings."[2]

*See, e.g.*, *Jones v. United States*, No. 5:09-cr-259, 2014 WL 11515372, at *1 (E.D.N.C. June 30, 2014) (dismissing as unauthorized § 2255 motion a filing purportedly brought under Rule 60(b) that "reassert[ed] previously asserted grounds for relief," and that sought to directly attack his conviction and sentence); *Lespier v. United States*, No. 2:10-cr-9, 2023 WL 2192256, at *2 (W.D.N.C. Feb. 22, 2023) ("Although styled as a motion under Rule 60, the Petitioner's motion directly attacks his conviction and sentence and therefore amounts to a successive [§ 2255] application."). Moreover, even if the Court considered his motion under Rule 60(b)(4), there is no argument, nor could there be any, that the Court lacked subject matter jurisdiction to consider Defendant's first § 2255 motion. Moreover, a motion under Rule 60 "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). As the movant, Defendant bears the burden to show that his motion was timely under Rule 60(b). *Moses v. Joyner*, 815 F.3d 163, 166 (4th Cir. 2016). As Defendant's motion was filed years after this Court's allegedly faulty ruling dismissing his first § 2255 motion, and he has not attempted to argue, much less demonstrate, why it was filed within a "reasonable time," it would not be timely in any event.

Defendant's supplemental motions seeking to "expand the factual record" underlying his Motion to Reopen 2255 Proceedings Pursuant to Rule 60(b)(4), provide no basis for the Court to consider the Motion to Reopen. *See* Dkts. 205, 238. In them, Defendant offers no evidence that the Fourth Circuit has provided leave for him to file a second or successive § 2255 motion. Nor does Defendant provide any argument why any of the motions are properly considered under

---

[2] For example, Defendant does not attack any prior procedural ruling, such as one that concerns a failure to exhaust, procedural default, or statute-of-limitations bar, or fraud on the federal habeas court which might support the exception for claims challenging "some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532 n. 4, 5.

Rule 60(b)(4), rather than as an unauthorized, successive § 2255 motion. And Defendant further fails to demonstrate that he can satisfy Rule 60(b)(4)'s very limited grounds for relief.

Accordingly, because Defendant has provided no evidence that he has secured leave from the Fourth Circuit to file a successive § 2255 motion, the Court finds that it lacks jurisdiction to consider the merits of the motion. Defendant's motion will therefore be dismissed without prejudice. To the extent, however, that Defendant's claims fall outside the preauthorization requirement pursuant to Fed. R. Civ. P. 60, the Court concludes that Defendant has not established a "void" order within the meaning of Rule 60(b)(4), nor timeliness of his motion, and therefore he is not entitled to relief.

The Court further finds that Defendant has not made out a substantial showing of a denial of a constitutional right, and therefore the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(3); *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003) (to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).[3]

---

[3] Defendant's "Motion to Amend and Expand the Record" for his "Motion to Reopen 2255 Proceedings," Dkt. 205, is substantially lengthier but raised the same issues, and therefore can be dismissed on similar grounds. As noted above, Defendant's "Motion to Add to Pending Rule 15," offers no grounds to support this Court's consideration of any of the pending motions, much less the merits-arguments raised therein. Dkt. 238. It also must be denied. Lastly, as the Court has ruled upon Defendant's pending motions, the Court will deny as moot Defendant's motion for a ruling thereon. Dkt. 242.

The Clerk of Court directed to send this Memorandum Opinion to the parties.

Entered this 26th day of August, 2024.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE