# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

August 26, 2024

LAURA A. AUSTIN, CLERK
BY  s/ S. MELVIN
DEPUTY CLERK

UNITED STATES OF AMERICA

v.

ANTWAN LAMAR JACKSON,

*Defendant.*

CASE No. 3:10-cr-00033

MEMORANDUM OPINION

JUDGE NORMAN K. MOON

Defendant Antwan Lamar Jackson, a federal inmate proceeding *pro se*, filed a "Motion for Reconsideration Pursuant to Rule 54(b) and Rule 15." Dkt. 241. Upon review of the motion and court records, however, the Court concludes that the filing must be dismissed as an unauthorized, successive motion pursuant to 28 U.S.C. § 2255.

In his "Motion for Reconsideration Pursuant to Rule 54(b) and Rule 15," Defendant challenges his sentence of life plus 120 months for murder and various drug and firearm offenses in connection with a drug distribution conspiracy. However, Defendant previously filed a § 2255 motion regarding the same convictions and sentence, which this Court previously denied. *See* Dkts. 132, 152, 153.

A federal court may consider a defendant's second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. 28 U.S.C. § 2255(h). "In the absence of pre-filing authorization … the district court lacks jurisdiction to hear a successive § 2255 motion." *United States v. Joy*, 585 F. App'x 33, 34 (4th Cir. 2014) (unpublished) (citing 28 U.S.C. § 2244(b)(3)).

1

Defendant has offered no indication that he has obtained certification from the Fourth Circuit Court of Appeals to pursue his current motion as an authorized second or successive § 2255 motion. *See* Dkt. 241.

Defendant, however, writes that he has filed his Motion for Reconsideration Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. That rule plainly does not apply, because the Court previously ended the § 2255 proceeding on Defendant's first motion with the issuance of the Court's decision dismissing his § 2255 motion. *See* Dkts. 152, 153. And indeed, Defendant appealed that final decision to the Fourth Circuit, which affirmed the decision. *See* Dkts. 155, 160, 161. Numerous reasons, including the fact that the Court issued a final decision on Defendant's first § 2255 motion, render Defendant's reliance on Rule 54(b) unpersuasive. *See Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003) (explaining that under Rule 54(b), a "district court retains the power to reconsider and modify its interlocutory judgments … at any time prior to final judgment when such is warranted").

Accordingly, as Defendant has not submitted any evidence of having obtained certification from the Court of Appeals to file a second or successive § 2255 motion, the Court must dismiss and deny this motion without prejudice.

The Clerk of Court directed to send this Memorandum Opinion to the parties.

Entered this 26th day of August, 2024.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE